DON C. SEELEY, Appellant, v. THE HUNTINGTON CANAL & AGRICULTURAL ASSOCIATION, a Corporation, Respondent.

### No. 1480.   (75 Pac. 367.)

**Corporations: Articles of Incorporation: Object: Powers.**

A corporation, the object of which is "to construct, manage, and control the number of canals and ditches hereinafter described, taken from Huntington creek," followed by the number and description of each canal and ditch, "for the purpose of diverting the waters of said creek" through the canals or ditches for irrigation, and which is empowered to construct and maintain all necessary dams, head gates, flumes, and other or different means necessary to "control, regulate and distribute the said waters for the purpose herein mentioned," is not authorized to construct reservoirs for storing water; and hence an assessment on the capital stock for the construction of such reservoirs is void.

### (Decided February 4, 1904.)

Appeal from the Seventh District Court, Emery County.—*Hon. Jacob Johnson,* Judge.

Action against the defendant corporation to recover damages for its failure to deliver the quantity of water to which the plaintiff claims he was entitled as a stockholder. From a judgment in favor of the defendant, the plaintiff appealed.

REVERSED.

*Messrs. King, Burton & King* for appellant.

*J. W. N. Whitecotton, Esq.,* for respondent.

#### STATEMENT OF FACTS.

The plaintiff brought this action against the defendant corporation to recover damages for its failure to deliver to him the quantity of water to which he

claims he was entitled as a stockholder of the corporation. The defendant answered, denying any wrongful infringement of plaintiff's rights, and, as an affirmative defense, alleged that, under its articles of incorporation, it had the right to levy an assessment for reservoir purposes; that, pursuant to its authority, an assessment of $2\frac{1}{2}$ per cent. was levied on its capital stock for such purposes; that plaintiff failed to pay his assessment; that thereupon certain of his shares were sold to pay the same; and that, if the plaintiff did not receive the water to which he may have been originally entitled, it was because of his failure to pay said assessment. For the purpose of presenting the questions of law by demurrer to the answer, it was stipulated that the levying of the assessment, the giving of the notice of sale of delinquent stock, and the conduct of sale, were regular and legal, provided the defendant, under its articles, had the power to levy assessments for that purpose. To the affirmative allegations in defendant's answer the plaintiff demurred, and also filed a motion to strike the same from the answer, for the reason that said allegations, upon their face, show that defendant had no authority to levy or collect assessments on the capital stock of the defendant company for reservoir purposes, and that any attempt to levy or collect assessments was unauthorized, and in excess of any authority granted by the articles of incorporation to the board of directors, and was therefore an infringement of plaintiff's rights, and without authority and void. The demurrer was overruled, and the motion denied. Plaintiff thereupon filed a reply to the affirmative allegations of the defendant's answer, and prayed for equitable relief against the defendant. On motion of the defendant the reply was stricken out by the court. It was then stipulated that if, upon the pleadings and record in the case, the plaintiff was entitled to recover, it would only be necessary for him to prove the amount of his damages, but if, on the other hand the court was of the opinion that the plaintiff was not entitled to recover (the pleadings be-

ing taken as true), and that the defendant's answer was a defense to plaintiff's complaint, then the defendant would be entitled to recover, and the complaint could be dismissed, the plaintiff saving his right of appeal.  In other words, it was, in effect, stipulated that if the corporation, under the showing, possessed the power to levy the assessment, then the complaint might be dismissed.  The court held that the company had the right to levy the assessment for reservoir purposes, and dismissed the case.  From this decision, plaintiff appealed.

BARTCH, J. (after stating the facts).—The decisive question here presented is whether the corporation had the power to levy an assessment for the purpose of constructing a reservoir.  To ascertain what its power in the premises was, we must look into its articles of incorporation; the same having been entered into in the year 1889.  Article 3, so far as material to this decision, reads: ''The object and pursuit of business is to construct, manage, and control the number of canals and ditches, hereinafter described, taken from Huntington creek, and more particularly described, as follows [here are given the number and description of each canal and ditch], for the purpose of diverting the waters of said creek from its present channel and causing it to flow through said canals or ditches, thereby making practicable the irrigation and cultivation of large tracts of land heretofore unavailable for agricultural purposes except that which has been made so by the water that has run through the said canals and ditches.  And to this end the association may construct and maintain all necessary dams, head gates, flumes, and other or different means which may be necessary to control, regulate and distribute the said waters for the purposes herein mentioned.''

In this article the canals and ditches which constitute the subject-matter of the incorporation are specially enumerated.  As will be noticed, the object of the

incorporation was to divert the water of a particular stream by means of certain canals and ditches already at the time of the incorporation, constructed, and not to impound or store water by means of reservoirs or otherwise.   Clearly, the design of the incorporators was to divert, not to store, water; and, for the "purpose of diverting" the water, they made provision in the articles to "construct and maintain all necessary dams, head gates, flumes," and other means requisite for its proper distribution among those entitled thereto.   It is manifest from a perusal of the articles that the power to construct reservoirs for the purpose of storing or impounding water was not within the intention of the incorporators, and not an object of the incorporation, and therefore such power cannot be exercised by the board of directors.   Nor, under these articles, can the stockholders confer such power upon the board.   It is well-settled law that a corporation can not legitimately transact business not embraced within the purposes and scope of its incorporation.   It follows that the board of directors, having had no power to build reservoirs for the purpose of storing water, had no authority to levy an assessment upon the capital stock for that purpose. Under the circumstances and the law applicable to this case, the assessment was unauthorized, and therefore null and void.   We are clearly of the opinion that the court erred in entering judgment in favor of the defendant.   Such being the case, it is not deemed necessary to discuss any other question presented.

The judgment must be reversed, with costs, and the cause remanded, with directions to the court below to reinstate the complaint, and proceed with the trial in accordance herewith.

BASKIN, C. J., and McCARTY, J., concur.